E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
DANIEL J. O'BRIEN (Cal. Bar No. 141720)
Assistant United States Attorney
Senior Litigation Counsel
THOMAS F. RYBARCZYK (Cal Bar No. 316124)
BILLY JOE MCLAIN (Cal Bar No. 290682)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-2468/8452/6702
    Facsimile:  (213) 894-0141
    E-mail:     daniel.obrien@usdoj.gov
                thomas.rybarczyk@usdoj.gov
                billy.mclain@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-492(A)-PA |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT RYAN J. WRIGHT |
| v. | |
| RYAN J. WRIGHT, | |
| Defendant. | |

1.    This constitutes the plea agreement between RYAN J. WRIGHT ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the first superseding indictment ("FSI") in United States v. RYAN WRIGHT, CR No. 23-492(A)-PA, which charges defendant with conspiracy, in violation of 18 U.S.C. § 371.

b.    Not contest the Factual Basis agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.    Complete the Financial Disclosure Statement on a form provided by the USAO and, within 60 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

2

criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

i.   Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

j.   With the exception of the financial affidavit completed on or about October 30, 2023 (Dkt. 11), consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the FSI and underlying indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.    Not further criminally prosecute defendant for federal crimes, including 18 U.S.C. § 1519 (falsification of evidence), 18 U.S.C. § 1503 (obstruction of justice), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1344(2) (attempted bank fraud), and 18 U.S.C. § 1029(a)(2), arising out of defendant's conduct alleged in the FSI. The USAO further agrees to not criminally prosecute defendant for violations of criminal tax laws for tax years 2018-2022 based on the facts currently known to the government. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct not presently known to the USAO or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the dismissed conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

f.    Other than the mandatory special assessment of $100, agree not to seek a fine.

<u>NATURE OF THE OFFENSE</u>

4.    Defendant understands that for defendant to be guilty of the crime charged in count one of the FSI, that is, conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 371, the following must be true: (1) there was an agreement between two or more persons to commit honest services wire fraud; (2) defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

4

5.    Defendant understands that the elements of honest services wire fraud, in violation of 18 U.S.C. §§ 1343, 1346, are the following: (1) defendant devised or knowingly participated in a scheme or plan to deprive citizens of the County and City of San Luis Obispo of their right to the honest services of County Supervisor 1; (2) the scheme or plan consisted of a bribe in exchange for at least one official act by County Supervisor 1.  The "exchange" may be express or may be implied from all the surrounding circumstances; (3) County Supervisor 1 owed a fiduciary duty to the citizens of the County and City of San Luis Obispo; (4) defendant acted with the intent to defraud by depriving citizens of the County and City of San Luis Obispo of their right to the honest services of County Supervisor 1; (5) defendant's act was material; that is, it had a natural tendency to influence, or was capable of influencing a person or entity's acts; and (6) defendant used or caused to be used, an interstate wire communication to carry out or attempt to carry out the scheme or plan. An "official act" means any decision or action on a question, matter, cause, suit, proceeding, or controversy involving the formal exercise of governmental power.  The question, matter, cause, suit, proceeding, or controversy must be pending, or be able by law to be brought, before a public official, and the question, matter, cause, suit, proceeding, or controversy must be something specific and focused, rather than a broad policy objective.  The official's decision or action may include using his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official.  The bribe recipient need not be the final decisionmaker.  The government

5

1    does not need to prove that the official ever actually intended to

2    perform an official act or that the official ever did, in fact,

3    perform an official act, provided that he agreed to do so.  Merely

4    arranging a meeting, hosting an event, or giving a speech, do not

5    qualify as the taking of a specific action.

6                    <u>PENALTIES AND RESTITUTION</u>

7         6.   Defendant understands that the statutory maximum sentence

8    that the Court can impose for a violation of 18 U.S.C. § 371 is: five

9    years' imprisonment; a three-year period of supervised release; a

10   fine of $250,000 or twice the gross gain or gross loss resulting from

11   the offense, whichever is greatest; and a mandatory special

12   assessment of $100.

13        7.   Defendant understands that defendant will be required to

14   pay full restitution to the victim(s) of the offense to which

15   defendant is pleading guilty.  Defendant agrees that, in return for

16   the USAO's compliance with its obligations under this agreement, the

17   Court may order restitution to persons other than the victim(s) of

18   the offense to which defendant is pleading guilty, specifically, the

19   individuals and entities set forth in the FSI in Counts 4-21, and in

20   amounts greater than those alleged in the count to which defendant is

21   pleading guilty.  In particular, defendant agrees that the Court may

22   order restitution to any victim of any of the following for any

23   losses suffered by that victim as a result: (a) any relevant conduct,

24   as defined in U.S.S.G. § 1B1.3, in connection with the offenses to

25   which defendant is pleading guilty; and (b) any counts dismissed

26   pursuant to this agreement as well as all relevant conduct, as

27   defined in U.S.S.G. § 1B1.3, in connection with those counts.

28   Defendant agrees that he owes approximately $1,500,000 in restitution

                                  6

while the government reserves the right to argue that he owes up to
approximately $1,906,634.69.  The parties recognize and agree that
this amount could change based on facts that come to the attention of
the parties prior to sentencing.

8.    Defendant understands that supervised release is a period
of time following imprisonment during which defendant will be subject
to various restrictions and requirements.  Defendant understands that
if defendant violates one or more of the conditions of any supervised
release imposed, defendant may be returned to prison for all or part
of the term of supervised release authorized by statute for the
offense that resulted in the term of supervised release, which could
result in defendant serving a total term of imprisonment greater than
the statutory maximum stated above.

9.    Defendant understands that, by pleading guilty, defendant
may be giving up valuable government benefits and valuable civic
rights, such as the right to vote, the right to possess a firearm,
the right to hold office, and the right to serve on a jury.
Defendant understands that he is pleading guilty to a felony and that
it is a federal crime for a convicted felon to possess a firearm or
ammunition.  Defendant understands that the conviction in this case
may also subject defendant to various other collateral consequences,
including but not limited to revocation of probation, parole, or
supervised release in another case and suspension or revocation of a
professional license.  Defendant understands that unanticipated
collateral consequences will not serve as grounds to withdraw
defendant's guilty plea.

10.    Defendant and his counsel have discussed the fact that, and
defendant understands that, if defendant is not a United States

citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

11.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

**A.    Background**

Defendant was a Managing Member of PB Companies, LLC ("PB Companies"), a real estate development company in the City of San Luis Obispo ("City").  Defendant also served as PB Companies' Chief

8

Executive Officer until December 1, 2015.  PB Companies had multiple projects in the Central District of California, including in the City and San Luis Obispo County ("County").

At all times relevant to the conspiracy, County Supervisor 1 was an elected member of the San Luis Obispo County Board of Supervisors ("Board of Supervisors").  The five-member Board of Supervisors was the governing body of the County and had executive, legislative, and quasi-judicial roles.  County Supervisor 1 represented the Third District, which included a majority of the City's geographical region and population.  County Supervisor 1 voted on matters appearing before the Board of Supervisors, including budget bills that affected the City, and by virtue of his elected position, had influence over matters occurring within the County, including in the City and in the City's departments and commissions.

**B.    The Conspiracy**

Beginning in at least June 2014 and continuing through on or about March 29, 2017, in the County and elsewhere, defendant conspired and agreed with County Supervisor 1 and others to knowingly, willfully, and intentionally commit an offense against the United States, namely, honest services wire fraud, in violation of 18 U.S.C. §§ 1343, 1346.

Specifically, from approximately June 2014 until March 29, 2017, defendant and County Supervisor 1 engaged in a quid pro quo bribery scheme.  Defendant and County Supervisor 1 agreed that defendant would bribe County Supervisor 1 with payments and other financial benefits.  In exchange, County Supervisor 1 would use his official position to help defendant secure approvals necessary for PB Companies' real estate development projects, including the San Luis

Square Project.  In violation of his duty of honest services owed to the citizens of the County and City, County Supervisor 1 would, among other things, advise and seek to influence other public officials, including City officials and individuals appointed to City commissions, to perform official acts beneficial to PB Companies' real estate development projects.

In total, as part of this arrangement with County Supervisor 1, defendant paid through PB Companies, or arranged for others to pay County Supervisor 1, a total of $94,234 either directly to County Supervisor 1 or through County Supervisor 1's company, San Luis Consulting LLC.  One such payment, made at defendant's direction, was an interstate wire transfer of $10,000 from PB Companies to San Luis Consulting LLC on or about November 23, 2016.  In addition, defendant also paid a total of $1,867 for County Supervisor 1's flight, hotel, and ticket to a major league baseball game in October 2014.

Defendant admits that his bribe payments to County Supervisor 1 were material acts; that is, they had a natural tendency to influence, or were capable of influencing, the County and its officials, the City and its officials, and the public.

<u>SENTENCING FACTORS</u>

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the

Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 12 | U.S.S.G. §§ 2X1.1(a), 2C1.1(a)(2) |
| More Than One Bribe: | +2 | U.S.S.G. § 2C1.1(b)(1) |
| Value of the Bribe: | +8 | U.S.S.G. §§ 2C1.1(b)(2), 2B1.1(b)(1)(E) |
| Elected Official: | +4 | U.S.S.G. § 2C1.1(b)(3) |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1(b) |
| Total Offense Level: | 23 | |

Subject to paragraph 26 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, variances, enhancements, or departures relating to the offense level be imposed. Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.  The parties currently agree that defendant is a Criminal History Category II but agree and recognize that defendant's Criminal

History Category may change based on facts that come to the attention of the parties and/or the United States Probation and Pretrial Services Office prior to sentencing.

14.    Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.    Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

16.  Having been fully advised by defendant's attorney regarding application of the statute of limitations to the offense to which defendant is pleading guilty, defendant hereby knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have not to be prosecuted for the offense to which defendant is pleading guilty because of the expiration of the statute of limitations for that offense prior to the filing of the indictment alleging that offense; and (b) any defense, claim, or argument defendant could raise or assert that prosecution of the offense to which defendant is pleading guilty is barred by the expiration of the applicable statute of limitations, pre-indictment delay, or any speedy trial violation.

<u>WAIVER OF APPEAL OF CONVICTION</u>

17.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the Factual Basis provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

18.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 60

13

months' imprisonment, defendant gives up the right to appeal all of
the following: (a) the procedures and calculations used to determine
and impose any portion of the sentence, with the exception of the
Court's criminal history calculation if the Court determines that
defendant's criminal history is understated and finds an upward
departure of defendant's criminal history category is appropriate
under U.S.S.G. § 4A1.3(a); (b) the term of imprisonment imposed by
the Court; (c) the fine imposed by the Court, provided it is no more
than $20,000; (d) to the extent permitted by law, the
constitutionality or legality of defendant's sentence, provided it is
within the statutory maximum; (e) the amount and terms of any
restitution order, provided it requires payment of no more than
$1,906,634.69; (f) the term of probation or supervised release
imposed by the Court, provided it is within the statutory maximum;
and (g) any of the conditions of probation or supervised release
imposed by the Court as set forth in Second Amended General Order 20-
04 of this Court,  the drug testing conditions mandated by 18 U.S.C.
§§ 3563(a)(5) and 3583(d), and the alcohol and drug use conditions
authorized by 18 U.S.C. § 3563(b)(7).

19.  Defendant also gives up any right to bring a post-
conviction collateral attack on the conviction or sentence, except a
post-conviction collateral attack based on a claim of ineffective
assistance of counsel, a claim of newly discovered evidence, or an
explicitly retroactive change in the applicable Sentencing
Guidelines, sentencing statutes, or statutes of conviction.
Defendant understands that this waiver includes, but is not limited
to, arguments that the statute to which defendant is pleading guilty
is unconstitutional, and any and all claims that the Factual Basis

provided herein is insufficient to support defendant's plea of
guilty.

20.  The USAO agrees that, provided (a) all portions of the
sentence are at or below the statutory maximum specified above and
(b) the amount of restitution ordered if that amount is equal to or
greater than $1,906,634.69, the USAO gives up its right to appeal any
portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

21.  Defendant agrees that if, after entering a guilty plea
pursuant to this agreement, defendant seeks to withdraw and succeeds
in withdrawing defendant's guilty plea on any basis other than a
claim and finding that entry into this plea agreement was
involuntary, then (a) the USAO will be relieved of all of its
obligations under this agreement; and (b) should the USAO choose to
pursue any charge that was either dismissed or not filed as a result
of this agreement, then (i) any applicable statute of limitations
will be tolled between the date of defendant's signing of this
agreement and the filing commencing any such action; and
(ii) defendant waives and gives up all defenses based on the statute
of limitations, any claim of pre-indictment delay, or any speedy
trial claim with respect to any such action, except to the extent
that such defenses existed as of the date of defendant's signing this
agreement.

## EFFECTIVE DATE OF AGREEMENT

22.  This agreement is effective upon signature and execution of
all required certifications by defendant, defendant's counsel, and an
Assistant United States Attorney.

15

1

<u>BREACH OF AGREEMENT</u>

2    23.    Defendant agrees that if defendant, at any time after the

3    signature of this agreement and execution of all required

4    certifications by defendant, defendant's counsel, and an Assistant

5    United States Attorney, knowingly violates or fails to perform any of

6    defendant's obligations under this agreement ("a breach"), the USAO

7    may declare this agreement breached.  All of defendant's obligations

8    are material, a single breach of this agreement is sufficient for the

9    USAO to declare a breach, and defendant shall not be deemed to have

10   cured a breach without the express agreement of the USAO in writing.

11   If the USAO declares this agreement breached, and the Court finds

12   such a breach to have occurred, then: (a) if defendant has previously

13   entered a guilty plea pursuant to this agreement, defendant will not

14   be able to withdraw the guilty plea, and (b) the USAO will be

15   relieved of all its obligations under this agreement.

16   24.    Following the Court's finding of a knowing breach of this

17   agreement by defendant, should the USAO choose to pursue any charge

18   that was either dismissed or not filed as a result of this agreement,

19   then:

20        a.    Defendant agrees that any applicable statute of

21   limitations is tolled between the date of defendant's signing of this

22   agreement and the filing commencing any such action.

23        b.    Defendant waives and gives up all defenses based on

24   the statute of limitations, any claim of pre-indictment delay, or any

25   speedy trial claim with respect to any such action, except to the

26   extent that such defenses existed as of the date of defendant's

27   signing this agreement.

28

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed-to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

25.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.  This paragraph permits both

17

the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the Factual Basis or Sentencing Factors agreed to in this agreement.

27.    Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.    Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

28.    Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

1            <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2      29.  The parties agree that this agreement will be considered

3  part of the record of defendant's guilty plea hearing as if the

4  entire agreement had been read into the record of the proceeding.

5  AGREED AND ACCEPTED

6  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
7  CALIFORNIA

8  E. MARTIN ESTRADA
   United States Attorney

9

10 _____      September 9, 2024
   THOMAS F. RYBARCZYK                _____
11 BILLY JOE MCLAIN                   Date
   DANIEL J. O'BRIEN
12 Assistant United States Attorneys

13 _____      9/9/2024
                                     _____
14 RYAN J. WRIGHT                     Date
   Defendant

15

16 _____      9-9-2024
   GERALD C. SALSEDA                  _____
17 Attorney for Defendant RYAN J.     Date
   WRIGHT

18

19

20

21

22

23

24

25

26

27

28

                        19

1

## CERTIFICATION OF DEFENDANT

2      I have read this agreement in its entirety.  I have had enough
3   time to review and consider this agreement, and I have carefully and
4   thoroughly discussed every part of it with my attorney.  I understand
5   the terms of this agreement, and I voluntarily agree to those terms.
6   I have discussed the evidence with my attorney, and my attorney has
7   advised me of my rights, of possible pretrial motions that might be
8   filed, of possible defenses that might be asserted either prior to or
9   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
10  of relevant Sentencing Guidelines provisions, and of the consequences
11  of entering into this agreement.  No promises, inducements, or
12  representations of any kind have been made to me other than those
13  contained in this agreement.  No one has threatened or forced me in
14  any way to enter into this agreement.  I am satisfied with the
15  representation of my attorney in this matter, and I am pleading
16  guilty because I am guilty of the charge and wish to take advantage
17  of the promises set forth in this agreement, and not for any other
18  reason.

19                                                    9/9/2024

20  RYAN J. WRIGHT                                    Date
    Defendant
21

22

23

24

25

26

27

28

20

1      CERTIFICATION OF DEFENDANT'S ATTORNEY

2   I am RYAN J. WRIGHT's attorney.  I have carefully and thoroughly

3 discussed every part of this agreement with my client.  Further, I

4 have fully advised my client of his rights, of possible pretrial

5 motions that might be filed, of possible defenses that might be

6 asserted either prior to or at trial, of the sentencing factors set

7 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8 provisions, and of the consequences of entering into this agreement.

9 To my knowledge: no promises, inducements, or representations of any

10 kind have been made to my client other than those contained in this

11 agreement; no one has threatened or forced my client in any way to

12 enter into this agreement; my client's decision to enter into this

13 agreement is an informed and voluntary one; and the Factual Basis set

14 forth in this agreement is sufficient to support my client's entry of

15 a guilty plea pursuant to this agreement.

16

17 GERALD C. SALSEDA       Date

Attorney for Defendant RYAN J.
18 WRIGHT

9-9-2024

19

20

21

22

23

24

25

26

27

28

          21